By the Court.
 

 This action in mandamus was filed in the Court of Appeals to compel the respondent, auditor of Washington county, to furnish to the relators, as publishers of a newspaper known as the
 
 Enterprise-Democrat
 
 certified lists of delinquent lands, amount of taxes thereon, and notice for the purpose of publication as provided in Section 5704, General Code.
 

 The respondent filed a demurrer which the Court of Appeals sustained for the reason that the petition did not state facts sufficient to constitute a cause of action. Whereupon relators appealed the cause to this court for review.
 

 “It is an elementary principle of Code pleading that, in order to sustain a cause of action, all of the operative ultimate facts essential to the cause of action must be pleadqd;
 
 * * *.”
 
 31 Ohio Jurisprudence, 598, Section 58. In a proceeding by mandamus against a county auditor to compel him to perform certain specific duties enjoined by statute, the existence of all the material facts necessary to put him in default must be pleaded and proven.
 
 Dye, Auditor,
 
 v.
 
 State, ex rel, Davis,
 
 73 Ohio St., 231, 76 N. E., 829.
 

 
 *467
 
 The petition of the relators filed on February 17, 2938, states that the newspaper in question became a Democratic publication under the name of the
 
 Enterprise-Democrat,
 
 on January 21, 1937, a little more than a year before the filing of this action. Theretofore the newspaper had been published for many years as the
 
 Matamoros Enterprise,
 
 but the petition fails to state that the
 
 Matamoros Enterprise
 
 was a newspaper of Democratic affiliation. Section 5704, General Code, provides for publication of delinquent lands in two newspapers of opposite politics of general circulation and if there is only one newspaper of designated political affiliation and of general circulation in the county, publication shall also be made in a newspáper independent in politics. It further provides that when there is no newspaper of designated political affiliation, publication shall be made in two newspapers independent in politics published in such county. Section 5704-2, General Code, sets forth the requirements and qualifications of newspapers, independent as well as political, referred to in Section 5704, General Code. Section 5704-2 states in part: “Provided such a publication to be a newspaper of general circulation shall have been published at regular intervals continuously during a period of at least twenty-four months or as a direct legal successor of such publication issued during the immediate prior period of at least two years.”
 

 The purpose of the statute is to insure the publication of such delinquent land list in
 
 periodicals having the specified requirements for an immediate prior period of at least two yeans.
 
 The two sections of the statute are to be construed together. The requirements and qualifications must coexist with the newspaper for such prior two-year period. The qualifications and requirements set forth must not only attach to the particular newspaper at the time of publication
 
 *468
 
 but also to its direct legal predecessor, if any, during the required period. To construe !the two sections of the statute otherwise would render them ineffective in respect to political affiliation requirements. The
 
 Enterprise-Democrat
 
 does not fulfill the requirements of the statute for the reason that it was not published as a Democratic newspaper for the required two-year period nor does it appear from the petition that the
 
 Matamoros Enterprise,
 
 predecessor of the
 
 Enterprise-Democrat,
 
 has met the requirements of the statute, there being no allegation that it was a newspaper of Democratic political affiliation. In respect to the foregoing, the petition was fatally defective and did not state facts sufficient to constitute a cause of action. That being true, it becomes unnecessary to consider other alleged material defects of the petition. The demurrer to the petition was properly sustained. The judgment of the Court of Appeals will be affirmed..
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.