THE STATE, EX REL. HERRICK, APPELLEE, *v.* JONES, AUD., APPELLANT.

THE STATE, EX REL. HERRICK, APPELLEE, *v.* BOARD OF COUNTY COMMRS. OF MAHONING COUNTY, APPELLANT.

(Decided May 12, 1939.)

*Mr. William A. Mason,* for appellee.

*Mr. William A. Ambrose,* prosecuting attorney, for appellants.

NICHOLS, P. J. In the Court of Common Pleas of Mahoning county two proceedings in mandamus were instituted by the state of Ohio, on relation of J. R. Herrick: One against the county auditor to compel him to prepare and certify for publication and cause to be published in accordance with the requirements of

the laws of the state of Ohio, a copy of the delinquent personal and classified tax lists and the delinquent land list and duplicate as described in Sections 5694 and 5704, General Code; and the other against the Board of County Commissioners to compel them to make provision for the proper and necessary expenses of publishing the delinquent tax lists and display notices provided for by the same sections of the General Code.

The prayer of each petition of relator was granted upon hearing in the Common Pleas Court, the cases having been submitted together upon the petitions and answers thereto and an agreed statement of facts. The defendants prosecute separate appeals to this court on questions of law, both appeals being submitted together upon briefs without oral argument, the sole claim of defendants being that the judgment in each case is contrary to law. In this connection it is urged that the issuance of the writs was an abuse of discretion upon the part of the Common Pleas Court for the following reasons:

1. The county commissioners had not made any appropriation therefor.

2. The county commissioners have no funds for this purpose and if an appropriation were made for such purpose there would be insufficient funds left with which to carry on relief and the ordinary administrative and judicial county functions.

3. Taxpayers will pay their taxes if they are able to do so.

4. The taxing district is now collecting more than the amount of delinquent taxes anticipated.

5. The cost of such advertising would be approximately fifty thousand dollars.

6. The only purpose of such advertisement would be to shame delinquents who are, to their sorrow, well aware of their delinquency without any fault of theirs.

7. It will not reach thousands of property owners

whose property does not appear in their own names, where the title is held by an allotment company.

8. It will neither reach, nor shame, thousands of landowners living outside of this county.

9. It will not shame stockholders of commercial and industrial corporations who so largely own valuable property in the downtown and business districts.

10. Mass advertising in two newspapers of this county, where there is only one newspaper having a large and a general circulation, is wasteful, costly and unnecessary.

Many of the reasons enumerated by counsel for appellants are argumentative to the point that the legislation requiring publication of the delinquent tax lists is unwise, ineffective, expensive and unwarranted, and all of these reasons are such as could be legitimately considered by the law making body in determining whether such legislation should be adopted or should remain upon the statute books, but this court is not a legislative body and its only province is to determine whether the legislation is mandatory in character.

It may be said that there is no evidence in the record as to the amount of the cost of advertising the delinquent lists, nor any evidence indicating whether taxpayers will pay their taxes when able to do so without publication of the delinquent tax lists. Whether the costs of publishing the tax lists will be excessive or will serve no other purpose than to shame delinquents and will not reach all of the property owners whose taxes are delinquent are matters which the Legislature is presumed to have considered in adopting the provisions of Sections 5694 and 5704, General Code. These reasons are not material to a determination of the question whether the provisions of these sections of the code are mandatory.

It is conceded that the county commissioners have not made any provision for payment of the cost and expense of publishing the delinquent tax lists and the

display notices provided for, but we find and hold that this fact has no bearing upon the question whether the auditor shall prepare and publish the delinquent tax lists, for the reason that Section 5704-3, General Code, provides that if the county commissioners fail to make such appropriation, or if the appropriation is insuf- ficient to meet such expense, any person interested may apply to the Court of Common Pleas of the county for an allowance to cover such expense and the court shall issue an order instructing the county auditor to issue his warrant upon the county treasurer for the amount deemed necessary, and the order by the court shall be final and shall be complied with forthwith. This same section provides that the proper and necessary ex- penses of publishing the delinquent tax lists and dis- play notices provided for by Sections 5694 and 5704, General Code, shall be paid from the county treasury as county expenses are paid, and it shall be manda- tory upon the county commissioners to make provision therefor in the annual budget of the county, submitted to the budget commission, and to make the necessary appropriations therefor.

True, the provisions of Section 5704-3, General Code, in terms, mandatorily require the county com- missioners to make provision for the proper and neces- sary expenses of publishing the delinquent tax lists and display notices, but the mandatory character of this section is destroyed by the subsequent provisions therein providing for the manner of payment of such expenses in case the county commissioners have failed in their duty to make such appropriation. Since man- damus lies only to require the performance of some act specifically enjoined upon a public officer, where there is no other adequate remedy provided by law, it must be held that the writ should have been denied by the Common Pleas Court as against the board of county commissioners, for the reason that there is an ade- quate means provided by law for the payment of the

proper and necessary expenses of publishing the delinquent tax lists and display notices in the event the county commissioners fail to provide therefor. It follows that the judgment of the Common Pleas Court wherein that court allowed the writ of mandamus to issue against the county commissioners must be, and the same is, reversed as contrary to law, and in that case final judgment is entered herein for the county commissioners.

Without attempting to set forth the provisions of Sections 5694 and 5704, General Code, as adopted effective October 26, 1936, 116 Ohio Laws (Pt. 2), 261, these sections, by express language, mandatorily require the auditor to cause a copy of the delinquent personal and classified property tax list and duplicate and a list of the lands on the delinquent land list and duplicate to be published twice, within sixty days after delivery of such lists and duplicates to the county treasurer, in *two* newspapers having the characteristics set forth in Section 5704-2, General Code, published in the English language in the county and of general circulation therein; and mandatorily require the county auditor before publication of such delinquent tax lists to cause a display notice of the forthcoming publications to be inserted once a week for two consecutive weeks in *two* such newspapers published in the English language in the county and of general circulation therein.

However, upon examination of the petition in this case, we find no allegation therein that there are two newspapers having the characteristics set forth in Section 5704-2, General Code, of opposite politics published in the English language in Mahoning county and of general circulation therein; nor is there any allegation in the petition or agreement that there is but one newspaper of a designated political affiliation published in the English language in the county and of general circulation therein, and also a newspaper in-

dependent of politics published in the English language in and of general circulation in Mahoning county; nor is there any allegation in the petition or agreed statement of facts that there is no newspaper of designated political affiliation published in Mahoning county but that there are two newspapers independent in politics published in the English language in such county and of general circulation therein.

There is no provision for publishing the delinquent tax lists in any county where there are not published two newspapers, as "newspaper" is defined in Section 5704-2, General Code. There is no allegation in either petition with reference to newspapers except the allegation that relator "now is and for a number of years has been the sole owner and publisher of a weekly newspaper, published in the city of Struthers, county of Mahoning, and state of Ohio, known as the Struthers Journal, and that the Struthers Journal has been found by this court" (referring to the Common Pleas Court) "to be eligible, under the laws of the state of Ohio, for selection for publication of a copy of the delinquent personal and classified tax list and the delinquent land list and duplicates, as described in Sections 5694 and 5704, of the General Code of Ohio."

In the answer of the defendant we find an allegation "that the requiring of the issuance of such writ would command defendant to do an illegal act," and further find the allegation "that the statements and averments of plaintiff's petition in so far as they state, or attempt to state, a cause of action are insufficient in law * * * ."

There is no fact stipulated in the agreed statement of facts which helps out the petition as showing a situation wherein the mandatory provisions of these sections of the code can be carried out. The allegations of the petitions with reference to the Struthers Journal are mere statements of the conclusion that this paper is a newspaper as defined in the applicable pro-

vision of the General Code. In order that the writ of mandamus may issue, plaintiff must show a clear right thereto; and in our judgment the record in this case does not disclose such clear right in the plaintiff.

In *State, ex rel. Harris,* v. *Quigley,* 134 Ohio St., 466, 17 N. E. (2d), 912, it is stated by the Supreme Court that:

"'It is an elementary principle of code pleading that, in order to sustain a cause of action, all of the operative ultimate facts essential to the cause of action must be pleaded; * * *.' 31 Ohio Jurisprudence, 598, Section 58. In a proceeding by mandamus against a county auditor to compel him to perform certain specific duties enjoined by statute, the existence of all the material facts necessary to put him in default must be pleaded and proven. *Dye, Auditor,* v. *State, ex rel. Davis,* 73 Ohio St., 231, 76 N. E., 829.''

It may be contended that this court should take judicial notice of the number of newspapers published in the county, of their political affiliation and other facts bringing them within the definition of newspaper as defined in the General Code section above referred to. We think this would require us to take judicial notice of facts which are not of common knowledge. It is apparent that in *State, ex rel. Harris,* v. *Quigley, supra,* the court did not take judicial notice that the publication under the name of Enterprise-Democrat, referred to in that case, was a newspaper of the character designated in Section 5704-2, General Code, and held in that case that the petition did not state a cause of action in mandamus. In the petitions under review here, there is no allegation with reference to any publication other than that owned by the relator; and even if the allegation with reference thereto is to be considered a statement of fact rather than a conclusion, still the petitions were insufficient because there is no allega-

tion that there are two newspapers of the character designated in Section 5704-2, General Code, published in the county.

As stated above, there are no facts contained in the agreed statement of facts, which is before this court as the bill of exceptions, which aid either petition as showing facts necessary to warrant the granting of the writs of mandamus prayed for. As stated by the Supreme Court in *State, ex rel. Harris,* v. *Quigley, supra,* the purpose of the statute is to insure the publication of such delinquent taxes in periodicals having the specified requirements. The two sections of the statute are to be construed together. It is only when publication may be made in the manner provided in the code provisions relating thereto that it may be said the Legislature arrived at the conclusion that such publication would be effective for the purposes intended. To permit publication in any other manner would defeat the intent of the Legislature.

It appearing that the relator has failed to establish a clear right to the writ of mandamus in either case, the judgments of the Common Pleas Court must be, and the same are, reversed as contrary to law; and it appearing from the record that plaintiff is not entitled to the relief prayed for in either petition, final judgment is entered in favor of the defendants, and each of them.

*Judgments reversed.*

CARTER and PHILLIPS, JJ., concur.