The State, ex rel. Crew Construction Co., v. Dickerson et al., The Industrial Commission of Ohio.

(No. 6968—Decided March 20, 1962.)

*Mr. Carl B. Rubin*, for relator.
*Mr. Mark McElroy*, attorney general, *Mr. Alvin C. Vinopal* and *Mrs. Mary S. Durham*, for respondents.

Bryant, J.   This is an action in mandamus instituted in this court by Crew Construction Company, relator, against J. Maynard Dickerson, Richard W. Tobin and Harry Marshall, constituting the Industrial Commission of the state of Ohio, respondents herein.

The petition contains only two paragraphs, but in an abbreviated form alleges:

(1) The capacity of respondents as members of the Industrial Commission;

(2) That on October 8, 1961, in claim No. 2159170, the commission granted to Ruth Adams, widow-claimant, the sum of $1,800;

(3) That the award was for an alleged violation of specific safety requirements;

(4) That the commission ordered the Crew Construction Company to pay the sum of $1,800 to the widow-claimant;

(5) That the action of the commission (a) exceeded the constitutional authority of the commission, (b) was contrary to law and (c) was a gross abuse of discretion;

(6) That there is neither (a) administrative appeal nor (b) judicial appeal from the award by the commission;

(7) That relator, being without adequate remedy at law, invokes the jurisdiction of this court in mandamus; and

(8) That relator asks this court to issue a writ of mandamus to (a) set aside the aforesaid grant and (b) dismiss the claim.

(9) In the prayer, relator prays for an order directing that claim No. 2159170 be dismissed and for other relief.

The sufficiency of the petition is challenged by a general demurrer. The brief in support argues only the limited issue whether the allegations show sufficient right or interest in relator to permit it to bring this action in mandamus, and we shall confine our consideration thereto.

The opening paragraph of respondents' brief (there has been no answer brief) reads as follows:

"The relator seeks to maintain an action in mandamus yet the petition fails to show any right in the relator to require the performance by the respondent, Industrial Commission, of any act. The petition merely avers that the Industrial Commission granted to a claimant the sum of eighteen hundred dollars, that this action on its part was unconstitutional, unlawful and a gross abuse of discretion and that relator does not have an adequate remedy at law. It is submitted that the petition is devoid of any operative facts entitling relator to that which it seeks."

The above statement appears to overlook the statement in the first paragraph of the petition that respondents in addition to making the award of $1,800 to Ruth Adams, widow-claimant, also "*ordered relator herein to pay said sum of money to said widow-claimant.*" (Emphasis ours.)

The demurrer of course admits the truth of all well-pleaded allegations, and we hold that the allegation above quoted is admitted by the demurrer and is a sufficient allegation to show that relator had an interest in the action of the respondents, which it seeks to compel by mandamus.

The two cases relied on by counsel for respondents are distinguishable.

In *State, ex rel. Harris,* v. *Quigley, County Aud.* (1938), 134 Ohio St., 466, relator sought by mandamus to compel respondent to cause publication in relator's newspaper of certain legal advertising required to be published in newspapers which, for a period of at least two years, met certain requirements. The petition only claimed that relator's newspaper had been published for one year, and thus it failed to qualify. This clearly has no application here.

In the case of *State, ex rel. Skilton,* v. *Miller, Judge* (1955), 164 Ohio St., 163, relator, merely as a citizen of Ohio and without "any allegation that any right of his [relator's] is in any way affected by either the respondents' acting or failing to act," sought to compel a police court judge and the clerk of the police court to issue a warrant or summons based upon an affidavit filed by relator charging the operator of an ice cream store with a violation of the "Sunday closing law" (Section 3773.24, Revised Code).

The court in the opinion in the *Skilton case, supra,* at page 168 stated:

"On the other hand, there are several jurisdictions which deny a private citizen the right to compel the issuance of a warrant in the absence of a showing of some special interest."

The court then continues at pages 169-170 as follows:

"We recognize the conflict that exists in the reported cases on this question. But reason, logic and necessity for the orderly administration of justice persuade us to take the position that, in the absence of injury to the relator in a manner different from that as to the public in general, relator has not such beneficial interest as to permit him to compel the issuance of a warrant. To hold otherwise would permit any crusading zealot to ride off, helter-skelter, throughout the state compelling police or municipal courts to arrest persons for alleged offenses in which the relator has no legitimate concern. Law enforcement may better be left to the public officials. Any dereliction in duty by those officials is always subject to review by their superiors and to correction by impeachment, removal or by a refusal to re-elect.

"Since the petition herein does not set forth facts showing the relator to be the 'party beneficially interested,' no cause of action is shown in favor of the relator, and the Court of Appeals properly sustained the demurrers."

434

The *Skilton case, supra*, in our opinion sheds no light on the question before us. Here an award of $1,800 has been made and the Crew Construction Company has been ordered to pay it.

For the purpose of the demurrer, it would appear that relator has shown some interest which is distinguishable from that of the general public.

We conclude therefore that, as to the single limited question argued in respondents' brief, the demurrer must be overruled, and it is so ordered.

*Demurrer overruled.*

DUFFEY, P. J., and DUFFY, J., concur.